IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00260-MR

| | | |
|---|---|---|
| S. SHANE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| JUSTIN LYTLE | ) | |
| Correctional Food Service Officer, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's Motion to Excuse Attendance at the Court-Hosted Settlement Conference (the "Motion," Doc. 52).

A telephonic settlement conference is set for Tuesday, November 9, 2021 from 9:00 a.m. to 11:00 a.m. The Court's Order of October 4, 2021 provided instructions regarding the parties' participation in that conference and stated that any request seeking permission to modify those instructions was to be filed no later than November 2, 2021 or be subject to summary denial. Doc. 51.

Defendant filed his Motion on November 3, 2021. Doc. 52. Therein, Defendant requests that he be excused from personally attending the November 9, 2021 conference. Doc. 52 at 1. Additionally, Defendant requests that "a representative of the insurance carrier for any party" also be excused.

1

Id. Defendant contends that this request is justified because the North Carolina Department of Public Safety ("NCDPS"), as Defendant's employer, "is responsible for payment of a final judgment or the amount due under settlement of the action." Id. at 1-2.

Notwithstanding the fact that Defendant filed his Motion after the November 2, 2021 deadline, the undersigned has considered Defendant's requests.

In view of Defendant's representation that NCDPS is responsible for paying a final judgment or settlement amount, the undersigned will excuse a representative from any involved insurance carrier from participating in the conference. Defendant is advised, however, that a representative of NCDPS must participate in the settlement conference and must have the ability to negotiate and enter into any binding settlement agreement on behalf of Defendant.

With respect to Defendant's participation, while defense counsel and the NCDPS representative may have authority to negotiate and enter a binding settlement on behalf of Defendant, as a party to the case Defendant himself has a vested interest in the matter and the undersigned otherwise believes Defendant's personal participation in the conference may be beneficial. To ensure that such participation is not unduly burdensome, Defendant and his counsel may participate in the settlement conference from different physical

2

locations if they so choose, as long as they are on one conference line during the conference. See Doc. 51 at 2.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Excuse Attendance at the Court-Hosted Settlement Conference (Doc. 52) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The request that a representative from any involved insurance carrier (i.e., a representative other than the NCDPS representative) be excused from participating is **GRANTED**; and

(2) The request that Defendant Justin Lytle be excused from personally participating in the November 9, 2021 settlement conference is **DENIED**.

Signed: November 3, 2021

W. Carleton Metcalf
United States Magistrate Judge