# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00260-MR

| | |
|---|---|
| S. SHANE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JUSTIN LYTLE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's letter requesting subpoena forms, which was docketed as a motion [Doc. 62], and Plaintiff's "Request for Subpoenas for Denies [*sic*] Bridges" [Doc. 65]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

The instant civil rights case is presently scheduled for a jury trial commencing on Tuesday, March 15, 2022 at 9:00 a.m. [See Doc. 67]. Plaintiff recently sent a letter to the Clerk of Court requesting two blank subpoena forms to subpoena witness to testify at trial. [Doc. 62]. Plaintiff is reminded, as provided in the Order of Instructions in this matter, that, "[l]etters sent to the Clerk of Court or Judge will not be answered." [Doc. 5 at ¶ 5]. "Only Motions will be ruled on by the Court." [Id.].

In any event, Plaintiff has since filed a request for the Court to issue a subpoena in this matter for the testimony and production of documents by Denise Bridges, identified as a Correctional Officer at Rutherford Correctional Center in Spindale, North Carolina, at the trial in this matter. [Doc. 65 at 1]. Officer Bridges was the officer who investigated the allegedly retaliatory disciplinary charge that was brought against Plaintiff after Plaintiff complained about Defendant Lytle's conduct. [See id. at 2]. Plaintiff, however, has failed to show that he can afford to pay the costs related to obtaining this witness at trial. See Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.").

"A district court generally has no duty to subpoena witnesses for an indigent litigation who cannot pay the witness fees in civil, non-habeas cases. Nance v. King, 888 F.2d 1386, at *1 (4th Cir. 1989) (table decision). See United States v. MacCollum, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress"); Pickens v. Lewis, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C.§ 1915 does not authorize the payment of litigation expenses and "[o]rdinarily, the plaintiff must bear the costs of his

litigation … even in *pro se* cases"). To be sure, 28 U.S.C. § 1915(d) provides that, despite a plaintiff's forma pauperis status, "[w]itnesses shall attend as in other cases…."

The Court, therefore, will deny Plaintiff's request for the Court to issue a subpoena of Denise Bridges without prejudice. The Plaintiff may renew his request with a tender of the witness and mileage fees,[1] if he so chooses.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 65] is **DENIED without prejudice** in accordance with the terms of this Order.

The Clerk is respectfully instructed to terminate Docket No. 62 as a motion and update the docket to reflect this filing as a Letter only.

**IT IS SO ORDERED.**

Signed: February 4, 2022

Martin Reidinger
Chief United States District Judge

---

[1] At minimum, the witness attendance fee is $40.00, and mileage is paid at a rate of 58.5 cents per mile. 28 U.S.C. §§ 1821(b), (c)(1).